# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    v.                                                   **Case No. 08-CR-189**

**KENNETH LUEDTKE**
       **Defendant.**

## DECISION AND ORDER

The government obtained an indictment charging defendant Kenneth Luedtke with possessing firearms and ammunition while subject to a domestic violence injunction issued by a Wisconsin court, contrary to 18 U.S.C. § 922(g)(8).[1] Defendant moved to dismiss, arguing that the indictment was deficient and that § 922(g)(8) exceeds Congress's power under the Commerce Clause. The magistrate judge handling pre-trial proceedings in the case recommended that the motions be denied. Defendant objected to the recommendation, which requires me to conduct a de novo review, see Fed. R. Crim. P. 59(b)(3), and filed an additional motion to dismiss the superseding indictment obtained by the government. The magistrate

---

[1] The statute makes unlawful the possession of a firearm or ammunition by one: who is subject to a court order that--
(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.] 18 U.S.C. § 922(g)(8).

judge rejected the new motion as untimely, a disposition to which defendant also objects.

## I. SUFFICIENCY OF THE INDICTMENT

Defendant argues that the indictment must be dismissed based on various flaws in the underlying domestic abuse injunction. First, he states that the injunction was issued by a "court commissioner" rather than a "court" as required by § 922(g)(8). Second, he contends that the injunction is not limited to conduct involving an "intimate partner." Third, the injunction does not explicitly prohibit physical force that could reasonably be expected to cause bodily injury.[2]

Under Fed. R. Crim. P. 7(c)(1), the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is generally sufficient if it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." United States v. Ramsey, 406 F.3d 426, 429 (7th Cir. 2005).

At the pre-trial stage, "the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case." United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988). It is well-settled that a defendant may not, via pre-trial motion, challenge the sufficiency of the evidence of his guilt. See, e.g., United States v. George, 403 F.3d 470, 472 (7th Cir. 2005); see also Fed. R. Crim. P. 12(b)(2) (stating that the court must be able to decide pre-trial motions "without a trial of the general issue"); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not

---

[2]In his original motion, defendant argued that the indictment failed to list certain elements of the offense. However, the government obtained a superseding indictment correcting the deficiency, after which defendant acknowledged that this portion of his motion had been mooted. Defendant continues to press the three issues listed above.

2

intended to be a 'summary trial of the evidence.'"). However, the court may in limited circumstances decide a motion to dismiss based on undisputed facts where the trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion. United States v. Shriver, 989 F.2d 898, 907 (7th Cir. 1992) (citing United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976)); see also Risk, 843 F.2d at 1061 (affirming dismissal of indictment where the undisputed facts failed to establish a violation of law). With these standards in mind, I turn to defendant's contentions.[3]

A.  **Court Commissioner**

The injunction at issue in this case was signed by a Milwaukee County court commissioner rather than a circuit court judge.[4] Defendant contends that, under Wisconsin law, a court commissioner does not constitute a "court" as required by § 922(g)(8). State v. Trongeau, 135 Wis. 2d 188, 192 (Ct. App. 1986) (quoting State ex rel. Perry v. Wolke, 71 Wis. 2d 100, 106 (1976)) (stating that a "'judicial court commissioner, hearing assigned matters, does not constitute a court'").

Defendant's argument gets off on the wrong foot by focusing on whether a "court commissioner" constitutes a "court" under state law. Section 922(g)(8) requires that the

---

[3] In its response to the motion, the government argues that defendant is seeking a review not of the indictment but of the sufficiency of the government's evidence. However, it appears that defendant's arguments are directed at the legal sufficiency of the injunction referenced in the indictment, and I see no reason why under Fed. R. Crim. P. 12 I may not take judicial notice of the injunction and resolve the issues of law defendant raises. See United States v. Flores, 404 F.3d 320 (5th Cir. 2005) (holding, in alien-in-possession of firearm case, that the district court properly considered the defendant's pre-trial motion to dismiss, where the motion presented a question of law, i.e. whether the defendant's immigration application made his possession lawful).

[4] In Wisconsin, trial courts are known as circuit courts.

3

defendant be subject to a "court order" restraining him from engaging in domestic abuse. Thus, the issue is whether court commissioners in Wisconsin may issue a "court order" containing such restraints. They may. Wis. Stat. § 757.69(1)(m) ("A circuit court commissioner may [h]old hearings, make findings, and issue temporary restraining orders and injunctions under s. 813.12 or 813.125.").

The cases defendant cites are inapposite. Trongeau addressed whether a determination made by a court commissioner constitutes an appealable final order, 135 Wis. 2d at 191 ("[T]he specific issue upon appeal is whether such an order of a court commissioner constitutes a final order within the meaning of sec. 808.03(1), Stats., so as to empower the court of appeals to review the order."), not whether the commissioner was authorized to make the ruling at issue, id. ("We begin by noting that the issue here is not whether a court commissioner is empowered to dismiss a criminal proceeding under the powers conferred by sec. 757.69(1), Stats. The parties do not raise this issue and we assume, without deciding, that a court commissioner has such authority for purposes of this appeal."). Likewise, State v. Lindberg, which defendant also cites, addressed appellate review, not judicial authority. 175 Wis. 2d 332, 342 (Ct. App. 1993) ("Therefore, on review, a trial court or appellate court reviewing a court commissioner's determinations of admissibility of evidence at a preliminary hearing will uphold those determinations absent an erroneous exercise of discretion."). Thus, these cases do not support defendant's argument.

Wolke, which contains the language defendant quotes, did address the authority of judicial court commissioners (there, to conduct preliminary examinations), but the case involved an issue of statutory construction. 71 Wis. 2d at 106. The court, while finding no constitutional impediment to court commissioners performing such functions, was unable to find authorization

4

in the enabling statute. In the course of explaining this ruling, the court distinguished between the judge or commissioner, the person, and the court, the institution. "It requires something more than a judge sitting on the bench to constitute a court. It requires, in addition, the existence of conditions authorizing the exercise of the powers of a court." Id. (internal quote marks omitted). As indicated above, there is no doubt that under relevant Wisconsin law a court commissioner is authorized by statute to issue domestic abuse injunctions. A litigant dissatisfied with the ruling of a court commissioner may request review by a circuit court judge, Wis. Stat. § 757.69(8), and then seek further review in the Wisconsin appellate courts. In this context, there is no impediment similar to that in Wolke. Because Wisconsin court commissioners are authorized to issue "court orders" – the term actually used in § 922(g)(8) – this argument for dismissal fails.[5]

In his objections, defendant appeals to the Rule of Lenity, which holds that uncertainties in criminal statutes are to be construed in favor of the accused. However, that Rule applies only where there is a grievous ambiguity in the language and structure of the Act. United States v. Ranum, 96 F.3d 1020, 1030 (7th Cir. 1996). "In other words, the rule of lenity 'only serves as an aide for resolving an ambiguity; it is not to be used to beget one.'" United States v. Turcotte, 405 F.3d 515, 535 (7th Cir. 2005) (quoting Callanan v. United States, 364 U.S. 587, 596 (1961)). For the reasons set forth above, there is no ambiguity under either federal or state law – Wisconsin court commissioners may issue court orders under § 922(g)(8). Defendant cites no federal cases and no legislative history in support of his argument that § 922(g)(8) is ambiguous, or that the identity of the issuing judicial officer is relevant or

---

[5] The injunction also states: "This injunction is entitled to full faith and credit in every civil or criminal court of the United States or any other state[.]" (R. 12-2 at 2.)

5

important.[6]

Defendant also claims in his objections that he could not have known that the term "court order" would include the orders of a court commissioner. He thus contends that § 922(g)(8), as applied, deprived him of fair warning of the conduct it prohibits. But the instant injunction clearly states: "**THE COURT FURTHER ORDERS** the respondent is prohibited from possessing a firearm until the expiration of this injunction." (R. 12-2 at 1.) The injunction further directed defendant to "immediately surrender any firearm(s)" to the county sheriff. (Id.) This is not a case, like United States v. Wilson, 159 F.3d 280, 294-95 (7th Cir. 1998) (Posner, J., dissenting), where the defendant was not told – and had no reason to think – that he could not possess a gun while subject to the injunction.[7] Nor does defendant provide any reason to believe that persons of ordinary intelligence in Wisconsin would assume that a court order signed by a circuit court judge really meant what it said, but a court order signed by a circuit court commissioner did not count under § 922(g)(8). See United States v. Williams, 128 S. Ct. 1830, 1845 (2008) ("A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited[.]"). Therefore, I reject defendant's fair notice argument.

---

[6] Defendant notes that, unlike court commissioners, circuit court judges are constitutionally created and subject to constitutional eligibility requirements. But as the Wisconsin Supreme Court explained in Wolke, there is no state constitutional impediment to court commissioners performing important judicial functions, including conducting preliminary hearings in felony cases.

[7] The Wilson majority upheld the conviction, despite the lack of notice. The other circuits which have considered the issue have likewise rejected a legal notice requirement. See, e.g., United States v. Lipmann, 369 F.3d 1039, 1043 (8th Cir. 2004) (collecting cases); United States v. Bayles, 310 F.3d 1302, 1311 (10th Cir. 2002) (collecting cases).

**B.     Intimate Partner**

Defendant next argues that the injunction is inadequate as a matter of law because it is not limited to conduct relating to an "intimate partner," as that term is defined in 18 U.S.C. § 921(a)(32).[8]  Section 921(a)(32) provides: "The term 'intimate partner' means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person."  Defendant notes that the injunction issued against him contains no finding that the petitioner was his "intimate partner."  The injunction does forbid him from engaging in "acts of domestic abuse," but under applicable state law "domestic abuse" covers a wider array of conduct than § 921(a)(32) envisions:

> "Domestic abuse" means any of the following engaged in by an adult family member or adult household member against another adult family member or adult household member, by an adult caregiver against an adult who is under the caregiver's care, by an adult against his or her adult former spouse, by an adult against an adult with whom the individual has or had a dating relationship, or by an adult against an adult with whom the person has a child in common.

Wis. Stat. § 813.12(1)(am).  Because the court commissioner did not necessarily find that the petitioner was his intimate partner, defendant argues that the injunction cannot serve as a predicate for a § 922(g)(8) prosecution.

The magistrate judge rejected defendant's argument, concluding that the issue of whether the injunction petitioner was defendant's intimate partner is a matter for the government to prove at trial.  The magistrate judge's position finds support in the structure of the statute.  Section 922(g)(8)(C) lists the necessary contents of the underlying court order, i.e.

---

[8]As indicated in note 1, supra, § 922(g)(8) covers injunctions protecting intimate partners and children.

7

that the defendant represents a credible threat to the physical safety of his intimate partner or child, or prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. The statute does not by its terms require that the underlying court order address the intimate partner aspect. This suggests that the intimate relationship is a fact the government must prove at trial.[9]

Neither side cites any cases addressing this precise issue, and I have found none. The circuits have overwhelmingly interpreted the companion Lautenberg Amendment provision, § 922(g)(9),[10] contrary to defendant's view, holding that the underlying misdemeanor crime of domestic violence need not include as an element the domestic relationship between the perpetrator and the victim. See, e.g., United States v. Heckenliable, 446 F.3d 1048, 1049 (10th Cir.), cert. denied, 127 S. Ct. 287 (2006) (collecting cases). However, the Supreme Court recently granted certiorari and heard oral argument on the issue. United States v. Hayes, 128 S. Ct. 1702 (2008). I will at this point withhold final decision on this aspect of defendant's motion to dismiss and take the issue up with the parties at the status scheduled for November 21, 2008.

**C.   Findings Required by Section 922(g)(8)(C)**

Finally, defendant argues that the injunction fails to meet the requirements of § 922(g)(8)(C), which, as noted above, requires that the court order: (i) include a finding that such person represents a credible threat to the physical safety of an intimate partner; or (ii) by its

---

[9]The government states that it will so prove at trial.

[10]Section 922(g)(9) prohibits the possession of firearms or ammunition by one previously convicted of a misdemeanor crime of domestic violence.

8

terms explicitly prohibits the use, attempted use, or threatened use of physical force against an intimate partner that would reasonably be expected to cause bodily injury. The injunction at issue here does not explicitly find that defendant presents a credible threat to the petitioner; nor does it specifically prohibit him from using force or threat of force against her. Rather, the injunction states that there are reasonable grounds to believe that defendant has or may engage in "domestic abuse" of the petitioner and orders him to refrain from engaging in acts of "domestic abuse." Applicable state law defines domestic abuse as:

    1. Intentional infliction of physical pain, physical injury or illness.
    2. Intentional impairment of physical condition.
    3. A violation of s. 940.225(1), (2) or (3) [sexual assault].
    5. A violation of s. 943.01 [damage to property], involving property that belongs to the individual.
    6. A threat to engage in the conduct under subd. 1., 2., 3., or 5.

Wis. Stat. § 813.12(1)(am). Because this definition of domestic abuse does not track the language in § 922(g)(8)(C), defendant argues that the injunction is insufficient to bar his possession of firearms. The argument fails.

As the magistrate judge noted, Wisconsin's definition of domestic abuse, incorporated into the injunction, <u>includes</u> the conduct set forth in § 922(g)(8)(C)(ii). That the injunction may also prohibit <u>other</u> conduct, e.g. criminal damage to property, does not render the injunction insufficient. Defendant provides no authority for his argument that the injunction must precisely and/or exclusively track the language in § 922(g)(8)(C); in fact, the cases hold the opposite. <u>See, e.g.</u>, <u>United States v. Coccia</u>, 446 F.3d 233, 242 (1st Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1021 (2007) (finding sufficient an injunction that forbid "abuse"); <u>United States v. Bostic</u>, 168 F.3d 718, 722 (4th Cir. 1999) (finding an injunction ordering the defendant to "refrain from abusing" his wife sufficient under § 922(g)(8)(C)(ii)). I therefore reject this argument.

9

## II. COMMERCE CLAUSE

Defendant also moves to dismiss on the grounds that 18 U.S.C. § 922(g)(8) exceeds Congress's power under the Commerce Clause. Defendant concedes that the Seventh Circuit has rejected this contention, Wilson, 159 F.3d at 287 ("Since § 922(g)(8) requires the government to prove that the firearms at issue have at least a minimal nexus with interstate commerce, the statute was enacted within Congress' power under the Commerce Clause, and we find that it is constitutional."), but raises the argument to preserve it for later review. He has preserved the issue, but his motion to dismiss on this basis must be denied.

## III. MOTION TO DISMISS SUPERSEDING INDICTMENT

The original indictment, filed on July 15, 2008, alleged that on February 25, 2008, defendant possessed various firearms (count one) and ammunition (count two) while subject to a valid domestic injunction issued on July 14, 2006, in Case No. 2006FA004347. The indictment did not allege that the injunction issued following a hearing of which defendant obtained actual notice and at which he had an opportunity to participate, or that the injunction prohibited defendant from engaging in the conduct set forth in § 922(g)(8)(C) against an intimate partner. In response, defendant moved to dismiss because the indictment failed to set forth all of the essential elements of the offense. The government responded by obtaining a superseding indictment on September 16, 2008, which added the missing elements, but otherwise tracked the original indictment. Defendant then conceded that his original motion to dismiss based on missing elements had been rendered moot.

However, on October 6, 2008, defendant filed an additional motion to dismiss the superseding indictment, raising a new ground for dismissal, along with a request for leave to

10

file the motion. He noted that on November 9, 2007, the Wisconsin circuit court issued an amended domestic abuse injunction, which struck certain portions of the original injunction. He argues that because of this amendment he was no longer "subject to" the July 14, 2006 injunction at the time he possessed the firearms and ammunition, as alleged in the superseding indictment.

The magistrate judge denied the request for leave to file the additional motion to dismiss, noting that the basis for the motion – the November 2007 amendment to the underlying injunction – was discernable prior to the expiration of the original motion deadline. The magistrate judge found that defense counsel's explanation, that he did not notice the issue until after expiration of the motions deadline, failed to constitute good cause for the tardy filing.

Defendant does not in his objections seriously contest the magistrate judge's good cause ruling; rather, he contends that the issue is more efficiently addressed now, rather than in a later § 2255 proceeding. He further notes that the issue of whether the November 9, 2007 injunction supplanted the July 14, 2006 order presents a question of law, the resolution of which may obviate the need for a trial in this case. The government responds that the motion should be denied as untimely and that, in any event, the motion constitutes a pre-trial attempt to litigate an element of the offense.

The government must at trial prove that defendant was "subject to a court order" restraining him "from harassing, stalking, or threatening an intimate partner . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury." 18 U.S.C. § 922(g)(8). Thus, the government will at trial have to prove that defendant was subject to the injunction identified in the indictment at the time he allegedly possessed the firearms and ammunition. However, the issue of whether the November 2007 amendment nullified the July

11

2006 order, such that defendant could not – as a matter of law – be subject to the July 2006 order appears to present an issue appropriate for pre-trial resolution. It is unclear how a jury would, as a factual matter, determine the legal effect, if any, of the amended injunction.

Although I will not enter a definitive order at this time, it does not appear that the November 9, 2007 order made any material change in the previous order. Defendant remained subject to the July 2006 order's requirement that he not commit any "acts of domestic violence" against the petitioner; he remained subject to a ban on firearm possession until expiration of the injunction; and the injunction remained in effect until July 14, 2010, the same date as the original order. Thus, it appears that, for purposes of § 922(g)(8), defendant remained subject to the same restrictions under the original and amended orders. The amended order simply removed the restriction on non-violent contact.[11] I also note that the changes in the order were recorded on the same form as the original. I will address this issue further at the November 21, 2008 status.

### IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted and defendant's motions to dismiss (R. 12, 13 ) are **DENIED**, to the extent stated herein.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[11] It also appears that the government could solve any ambiguity via a second superseding indictment clarifying the order to which defendant was, on February 25, 2008, subject.

12